## D. L. NEWBORG & SON v. SAMUEL SPROAT.

### No. 206.*   (62 Pac. 544.)

CHATTEL MORTGAGE—*Receivership—Deduction of Expense.* As between the mortgagor and the mortgagee of personal property, under the circumstances of this case, the mortgagor is not entitled to have any part of the expense of a receivership deducted from the amount of his indebtedness in the final judgment on the claim.

Error from Shawnee district court; A. H. VANCE, judge *pro tem.*   Opinion filed October 10, 1900.   Reversed.

*Rossington, Smith & Histed,* for plaintiffs in error.

*Wm. R. Hazen,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The plaintiffs in error began this action in the district court against the defendant in error to recover $1450, which amount was secured by a chattel mortgage, said mortgage being by its terms subject to prior mortgages in favor of W. H. Davis, the Bank of Topeka, John R. Mulvane, P. V. Sproat, W. R. Hazen, and Ed. Sproat, who, together with Swofford Brothers Dry-goods Company, George R. Sproat, Symms Grocer Company, C. D. Scott, Rice, Stix & Co., and Frank P. Mac Lennan, were made defendants therein.   At the same time an application was made for the appointment of a receiver, and a receiver was soon thereafter appointed.   Summons was served upon the defendants.   Afterward said mortgagees and various others made a motion to vacate the order appointing a receiver, and also a motion to stay

* Petition for order to certify denied by supreme court December 3, 1900.—REP.

proceedings by the receiver until said motion to vacate his appointment could be heard. These motions were respectively overruled. Afterward the defendants the Bank of Topeka, J. R. Mulvane, P. V. Sproat, W. R. Hazen, Ed. Sproat, George R. Sproat and W. H. Davis filed demurrers to the petition. Afterward a judge *pro tem.* was selected by agreement of the parties and all subsequent proceedings herein were tried before him. The demurrers were sustained and the petition amended. Other demurrers were filed and overruled as to Samuel Sproat and W. H. Davis, and sustained as to the Bank of Topeka, J. R. Mulvane, P. V. Sproat, W. R. Hazen, Ed. Sproat, George R. Sproat, and C. D. Scott. No further amendment was made to the petition.

Afterward, upon the order of the court, the property in the hands of the receiver was returned to W. H. Davis for the benefit of the parties, upon the giving of a bond by P. V. Sproat, J. R. Mulvane, Bank of Topeka, and W. R. Hazen, conditioned "to pay any final judgment that may be rendered in said case against said S. Sproat and in favor of said plaintiff and all costs that said plaintiff shall recover in said case against said S. Sproat or either or all of said defendants W. H. Davis, the Bank of Topeka, J. R. Mulvane, P. V. Sproat, W. R. Hazen, Ed. Sproat, and George R. Sproat, or that shall finally be adjudged a legal charge against said stock of goods superior to the mortgage claims of said parties, provided the proceeds from the sale of said mortgaged property shall be insufficient to pay said claim and costs, or provided said claim, judgment and cost be not fully paid and satisfied out of the proceeds of said mortgaged property." Said order and return were made by the consent and agreement of all parties

that the right of neither plaintiffs nor defendants
to an adjudication as to who shall ultimately be
liable for the expense of the receivership herein
should be in any manner affected by the order herein
made, and that the question of said liability should
remain to be determined in the final determination of
this suit the same as if the order therein provided for
had never been made; and said receiver was never
formally discharged. Afterward the issues were
made up between said plaintiffs and S. Sproat, and
W. H. Davis filed an answer to the petition, alleging,
among other things, that said petition did not state
facts sufficient to constitute a cause of action against
him, and praying that he have judgment for costs.
Afterward Davis admitted in court that his claim had
been fully paid, whereupon the action was dismissed
as to him; after which the action was dismissed as
to all the other defendants except Samuel Sproat, and
a trial was had as between said Sproat and said plain-
tiffs. No evidence was introduced, but admissions
as to certain facts were made of record. The court
found against the plaintiffs for $400 of the expense of
receiver and deducted the sum from the amount of
their debt. The correctness of this finding is the only
substantial question in the case.

There were no parties to the suit at the time of trial
but the plaintiffs in error and the defendant in error,
and the court had authority to adjudicate their rights
alone; the other defendants in the case, upon their own
application or acquiescence, being out of it. By stipu-
lation, the situation of the parties as to liability for the
costs of the receiver was left the same as it would
have been had the order taking the property from the
receiver and placing it in the hands of the other mort-
gagees never been made. Had said order never been

made, and had the receiver continued in the discharge of his receivership and settled up the business, would the party causing his appointment have been liable to be taxed with his costs? It seems to us he would not. The question of costs between the plaintiffs and the dismissed defendants is not before us, and we cannot consider it.

The judgment of the district court will be reversed, and said court is directed to render a judgment for plaintiffs in error against defendant in error for the sum of $400, with interest.